# **Exhibit 13**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL PAPER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-02789- |
| v. | ) | |
| | ) | |
| BEAZLEY INSURANCE COMPANY, INC., | ) | |
| and ZURICH AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>**DEFENDANT BEAZLEY INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT**</u>

Defendant Beazley Insurance Company ("Beazley"), by and through its counsel of record,
for its Answer to Plaintiff International Paper Company's Complaint alleges and states as follows.
Beazley denies each and every allegation in the Complaint not expressly admitted herein.

1. Beazley admits that this is an insurance coverage action brought by Plaintiff. As to
the remaining allegations in Paragraph 1 of the Complaint, Beazley lacks knowledge or
information sufficient to form a belief as to the truth of these allegations and therefore denies the
same.

2. Beazley admits that it issued a commercial crime insurance policy to Plaintiff.
Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations
in Paragraph 2 of the Complaint insofar as they relate to Zurich Insurance Company and therefore
denies the same. Beazley denies the remaining allegations in Paragraph 2.

3.     Beazley admits that Plaintiff seeks monetary damages from Defendants and denies it is entitled to the relief sought in this action.   Beazley denies the remaining allegations in Paragraph 3.

4.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Complaint and therefore denies the same.

5.     Beazley admits the allegations in Paragraph 5 of the Complaint.

6.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Complaint and therefore denies the same.

7.     The allegations in Paragraph 7 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

8.     The allegations in Paragraph 8 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

9.     The allegations in Paragraph 9 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

10.     Beazley admits that it issued a commercial crime insurance policy to Plaintiff with a policy period from July 1, 2019 to July 1, 2020.   Beazley lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint insofar as they relate to Zurich Insurance Company and therefore denies the same.

11.     Beazley admits that Plaintiff refers to the Beazley policy and the Zurich policy as the "Crime Policies" in its complaint and that Plaintiff reserves certain rights with respect to policies not identified in the complaint.

12.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies the same.

13.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies the same.

14.     Beazley admits the allegations in Paragraph 14 of the Complaint.

15.     Beazley states that Policy No. V27C90190101 (the "Beazley Policy") speaks for itself, refers to the Beazley Policy for its full and complete contents, and denies all allegations in Paragraph 15 of the Complaint that are inconsistent therewith.

16.     Beazley states that the Beazley Policy speaks for itself, refers to the Beazley Policy for its full and complete contents, and denies all allegations in Paragraph 16 of the Complaint that are inconsistent therewith.

17.     Beazley states that the Beazley Policy speaks for itself, refers to the Beazley Policy for its full and complete contents, and denies all allegations in Paragraph 17 of the Complaint that are inconsistent therewith.

18.     The allegations in Paragraph 18 of the Complaint are not directed to Beazley and therefore no response is required.  To the extent a response is required, Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the same.

26141153-v2

19.     The allegations in Paragraph 19 of the Complaint are not directed to Beazley and therefore no response is required.  To the extent a response is required, Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the same.

20.     The allegations in Paragraph 20 of the Complaint are not directed to Beazley and therefore no response is required.  To the extent a response is required, Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same.

21.     The allegations in Paragraph 21 of the Complaint are not directed to Beazley and therefore no response is required.  To the extent a response is required, Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same.

22.     The allegations in Paragraph 22 of the Complaint are not directed to Beazley and therefore no response is required.  To the extent a response is required, Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies the same.

23.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore denies the same.

24.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore denies the same.

25.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies the same.

26141153-v2

26.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore denies the same.

27.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and therefore denies the same.

28.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies the same.

29.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore denies the same.

30.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore denies the same.

31.     Beazley admits that Sitaraman Jagannath was tasked with identifying and developing diverse suppliers of specialty chemicals.  Beazley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Complaint and therefore denies the same.

32.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore denies the same.

33.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and therefore denies the same.

34.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore denies the same.

35.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore denies the same.

26141153-v2

36.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore denies the same.

37.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore denies the same.

38.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore denies the same.

39.     Beazley admits that DGS was registered as a diverse supplier with Plaintiff and did business with Plaintiff.  Beazley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Complaint and therefore denies the same.

40.     Beazley admits that DGS was a diverse supplier for Plaintiff and did business with Plaintiff.  Beazley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Complaint and therefore denies the same.

41.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore denies the same.

42.     Beazley denies the allegations in Paragraph 42 of the Complaint.

43.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore denies the same.

44.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore denies the same.

45.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore denies the same.

26141153-v2

46.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and therefore denies the same.

47.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and therefore denies the same.

48.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and therefore denies the same.

49.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and therefore denies the same.

50.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and therefore denies the same.

51.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and therefore denies the same.

52.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and therefore denies the same.

53.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and therefore denies the same.

54.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and therefore denies the same.

55.     Beazley denies that DGS and Mid-South were created for the purpose of carrying out Sitaraman Jagannath's alleged employee theft scheme.   Beazley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the Complaint and therefore denies the same.

56.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and therefore denies the same.

57.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and therefore denies the same.

58.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and therefore denies the same.

59.     Beazley admits that Plaintiff commenced an investigation of Sitaraman Jagannath in or about 2019.  Beazley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 of the Complaint and therefore denies the same.

60.     Beazley admits that Plaintiff contends that it overpaid for specialty chemicals in an amount in excess of $34 million during the period between 2013 and 2020.  Beazley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 of the Complaint and therefore denies the same.

61.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and therefore denies the same.

62.     Beazley admits that an action was filed in the Western District of Tennessee against Sitaraman Jagannath by the U.S. Attorney for the Western District of Tennessee on or about December 16, 2019.  Beazley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and therefore denies the same.

63.     Beazley admits the allegations in Paragraph 63 of the Complaint.

64.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and therefore denies the same.

65.     Beazley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and therefore denies the same.

66.     Beazley admits that Plaintiff seeks coverage from Beazley for certain funds allegedly lost due to the actions of Sitaraman Jagannath.  Beazley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 of the Complaint and therefore denies the same.

67.     Beazley admits that Plaintiff provided notice to it of a claim under the Beazley Policy for certain funds allegedly lost due to the actions of Sitaraman Jagannath.  Beazley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 of the Complaint and therefore denies the same.

68.     Beazley admits that Plaintiff has provided documents and answered questions in response to Beazley's requests for information with respect to Plaintiff's claim under the Beazley Policy and denies the remaining allegations in Paragraph 68 of the Complaint.

69.     Beazley admits that Plaintiff presented Douglas Dowdell, who replaced Sitaraman Jagannath, for an examination under oath, with counsel for Plaintiff questioning Mr. Dowdell on April 8, 2022 and counsel for Beazley questioning Mr. Dowdell on August 31, 2022.  Answering further, Beazley states that Mr. Dowdell answered certain questions and was unable to answer other questions regarding the facts with respect to Plaintiff's claim under the Beazley Policy. Beazley denies the remaining allegations in Paragraph 69 of the Complaint.

70.     Beazley denies the allegations in Paragraph 70 of the Complaint.

## <u>COUNT I – BREACH OF CONTRACT</u>

71.     Beazley re-states and re-alleges its answers to all previously pleaded paragraphs as if fully set forth herein.

26141153-v2

72.      Beazley denies the allegations in Paragraph 72 of the Complaint.

73.      Beazley denies the allegations in Paragraph 73 of the Complaint.

74.      Beazley denies the allegations in Paragraph 74 of the Complaint.

75.      Beazley denies the allegations in Paragraph 75 of the Complaint.

Beazley denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph following Paragraph 75 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Beazley, by way of further answer and defense, allege and state as follows without assuming any burden of proof that it does not have under applicable law.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the terms and conditions of the Beazley Policy, all of which are preserved and none of which are waived.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the Indirect or Consequential Exclusion in the Beazley Policy applies.  This exclusion provides:

The Underwriters shall not be liable for **Loss** or **Expenses** arising out of indirect or consequential loss of any kind except for covered **Expenses** under the Expense Coverage insuring agreement

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the Voluntary Exchange or Purchase Exclusion in the Beazley Policy applies.  This exclusion provides:

The Underwriters shall not be liable for **Loss** or **Expenses** arising out of the **Insured** knowingly having given or surrendered **Money, Securities** or **Property** in any exchange or purchase with a **Third Party,** not in collusion with an

-10-

**Employee;** provided that this exclusion shall not apply to loss under the Money Orders and Counterfeit Paper Currency Fraud insuring agreement

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred in whole or in part to the extent that the Fraudulent, Dishonest or Criminal Exclusion in the Beazley Policy applies.  This exclusion provides:

The Underwriters shall not be liable for **Loss** or **Expenses** arising out of:

1.   any fraudulent, dishonest or criminal act or omission by any **Insured** or any **Executive Shareholder** thereof whether acting alone or in collusion with others;

2.   any fraudulent, dishonest or criminal act or omission by any **Employee:**

(i) whether acting alone or in collusion with any other person or entity; or

(ii) while performing services for the **Insured** or otherwise;

except when covered under the Employee Dishonesty, Client Property Coverage or Expense Coverage insuring agreements

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred in whole or in part to the extent that the Potential Income Exclusion in the Beazley Policy applies.  This exclusion provides:

The Underwriters shall not be liable for **Loss** or **Expense** arising out of income not realized as the result of a covered **Loss**

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims for attorney's fees, expenses and costs in this action are barred by the Legal Fees, Costs or Expenses Exclusion in the Beazley Policy.  This exclusion provides:

The Underwriters shall not be liable for **Loss** or **Expenses** incurred or paid by an **Insured** in defending or prosecuting any legal proceeding or claim, provided that this Exclusion shall not apply to the coverage provided under the Expense Coverage insuring agreement

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the Affiliates and Prior Employees Exclusion in the Beazley Policy applies.  This exclusion provides:

The Underwriters shall not be liable under the Employee Dishonesty, Client Property Coverage or Expense Coverage insuring agreements for loss or damage sustained by any **Insured** caused by:

1.   any agent, broker, factor, commission merchant, consignee, contractor, independent contractor, subcontractor, or similar person or entity; or

2.   any **Employee** acting alone or in collusion with any other employee more than 30 days following the termination of such **Employee**

NINTH AFFIRMATIVE DEFENSE

Pursuant to the Discovery provision in the Beazley Policy, Plaintiff's claims are barred to the extent they were discovered prior to the policy period for the Beazley Policy.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff did not provide Beazley with written notice as required by the Notices provision in the Beazley Policy.

The Beazley Policy terminated, and Plaintiff's claims are barred in whole or in part, to the extent and as soon as Plaintiff acquired knowledge of any unlawful taking of money or other fraudulent or dishonest act committed by Sitaraman Jagannath during the term of his employment with Plaintiff.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the Recoveries provision in the Beazley Policy.  The Recoveries provision reads:

Recoveries, whether effected by the Underwriters or by the **Insured,** less the cost of recovery, shall be distributed as follows:

1.   first, to the **Insured** for the amount of **Loss** otherwise covered but in excess of the Limits of Liability;

-12-

2.　　second, to the Underwriters for the amount paid to the **Insured** for covered **Loss;**

3.　　third, to the **Insured** for the Deductible; and

4.　　fourth, to the **Insured** for **Loss** specifically excluded hereunder.

Recovery from reinsurance or indemnity of the Underwriters shall not be deemed a recovery hereunder.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff has breached any condition precedent to coverage under the Beazley Policy, including but not limited to taking any action which in any way increases the Underwriters' exposure under the Beazley Policy.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff has failed to mitigate any damages.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the equitable doctrines of waiver, estoppel, unclean hands and laches.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

RESERVATION OF RIGHTS

Beazley states that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Beazley reserves all rights to file an Amended Answer asserting additional defenses in the event that discovery in this action or other developments so warrant.

WHEREFORE, Beazley respectfully requests that the Court dismiss the Complaint and that it award Beazley reasonable costs and attorney's fees incurred in the defense of this action and such other further relief as the Court deems just and proper.

-13-

BEAZLEY INSURANCE COMPANY, INC.

s/ Bradford D. Box
Bradford D. Box (TN Bar #16596)
Rainey Kizer Reviere & Bell PLC
209 East Main Street
Jackson, TN  38301
(731) 426-8142
bbox@raineykizer.com


Matthew M. Burke (*Pro Hac Vice* forthcoming)
Robinson & Cole LLP
One Boston Place, 25th Floor
Boston, MA  02108
(617) 557-5996
mburke@rc.com

*Attorneys for Beazley Insurance Company, Inc.*


## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this pleading or document was served upon the following via this Court's electronic filing system:

Jason W. Callen
TN Bar #015076
K&L Gates LLP
222 Second Avenue S  Suite 1700
Nashville, TN 37201
(615) 780-6729


*Of Counsel:*
John M. Sylvester (*pro hac vice* forthcoming)
Laura K. Veith (*pro hac vice* forthcoming)
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
(412)-355-6500

*Counsel for Plaintiff International Paper  Company*

This the 7th day of December, 2022.

s/ Bradford D. Box

-14-