# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **INTERNATIONAL PAPER COMPANY,** | )<br>)<br>) |
| *Plaintiff,* | )<br>) |
| v. | ) **Case No. 2:22-cv-02789- TLP-CGC**<br>)<br>) |
| **BEAZLEY INSURANCE COMPANY, INC., and ZURICH AMERICAN INSURANCE COMPANY,** | )<br>)<br>)<br>) |
| *Defendants.* | )<br>)<br>) |

## DEFENDANT BEAZLEY INSURANCE COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT

Defendant Beazley Insurance Company, Inc. ("Beazley") hereby requests that, pursuant to Fed. R. Civ. P. 56, the Court grant summary judgment, either in whole or in part, on Plaintiff International Paper Company's claims because there are no genuine issues of material fact in dispute and Beazley is entitled to judgment as a matter of law. In particular, Beazley is entitled to full summary judgment because: 1) under clear Tennessee law Plaintiff forfeited its rights to any recovery from Beazley based on its pre-suit destruction of Beazley's subrogation rights; and 2) Plaintiff cannot establish "employee theft" as that term is used in the Policy, because it cannot show what, if anything, the only employee alleged to have participated in the scheme received and the policy was never intended to cover mere overpayments to third parties—each of which is dispositive of the litigation.

Alternatively, Beazley is entitled to partial summary judgment because certain aspects of Plaintiff's alleged damages—seeking coverage for approximately $1.9 million purportedly paid in

mark-up *to majority suppliers* and the roughly $2.7 million paid by IP *to its majority suppliers* as a "settlement," after terminating its relationship with DGS and Mid-South—also fail. Specifically, these alleged losses are barred because they either do not fall within the policy's grant of coverage for "**Loss** directly resulting from **Employee Theft**" or they are specifically excluded. On either basis, this roughly $4.6 million component of Plaintiff's claim fails as a matter of law.

     For these reasons and as set forth in further detail in the accompanying memorandum of law, Defendant respectfully requests that the Court grant its motion, as prayed, either in full or in part. Defendant respectfully requests oral argument on this motion and anticipates that argument will take roughly forty-five minutes.

**BEAZLEY INSURANCE COMPANY, INC.**

*/s/ Bradford D. Box*
Bradford D. Box (TN Bar # 16596)
**Rainey Kizer Reviere & Bell PLC**
209 East Main Street
Jackson, TN  38301
(731) 426-8142
bbox@raineykizer.com

Eugene P. Murphy (*Pro Hac Vice*)
Wm Maxwell Daley (*Pro Hac Vice*)
**ROBINSON & COLE LLP**
One Boston Place, 25th Floor
Boston, MA  02108
(617) 557-5996
emurphy@rc.com
wdaley@rc.com

*Attorneys for Beazley Insurance Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2024, a true and correct copy of Defendant Beazley Insurance Company's Motion for Summary Judgment was served via e-mail on all counsel of record listed below:

John M. Sylvester
Laura K. Veith
K&L Gates Center
**K&L Gates LLP**
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222

Jason W. Callen
**K&L Gates LLP**
222 Second Avenue S
Suite 1700
Nashville, TN 37201